| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:13-CR-45 |
| | § | |
| MICHAEL WARREN COX, JR. | § | |

**AMENDED MEMORANDUM AND ORDER**

Defendant Michael Warren Cox, Jr. ("Cox") is charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pending before the court are Cox's Motions in Limine (#s 51-55) requesting that the government approach the bench before proffering testimony or evidence regarding: (1) prior convictions, extraneous acts, or prior acts of misconduct; (2) stipulations, name calling, and reputation evidence under FED. RS. EVID. 402, 403, 405, 406, and 408; (3) statements, admissions, or confessions allegedly made by the Defendant; (4) expert testimony pursuant to Rules 702, 703, and 704; and (5) co-conspirator statements subject to Rule 801(d)(2)(E)(6). Having considered the pending motions, the submissions of the parties, and the applicable law, the court is of the opinion that Cox's motions should be GRANTED in part and DENIED in part.

<u>Motions in Limine</u>

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Pact XPP Tech.*, *AG v. Xilinx*, *Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *see Craig v. Director*, *TDCJ-CID*, No. 5:07-CV-167, 2013 WL 4711483, at *10 (E.D. Tex. Aug. 30, 2013). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the

disputed evidence at trial. *Pact XPP,* 2012 WL 2774971, at *1. The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motions in limine are not binding on the trial judge, however, and "the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000).

Prior Bad Acts

The government seeks to admit several pieces of evidence under Rule 404(b). First, the government seeks to introduce evidence that Cox was involved in a conspiracy to distribute methamphetamine and was charged with that offense in a separate case pending in the Eastern District of Texas. According to the government, this evidence is admissible because it is intrinsic to the crime charged in the instant case. Second, the government seeks to admit extrinsic evidence regarding Cox's prior convictions and arrests to establish "intent" in the instant case. The government filed its 404(b) Notice (#44) on June 26, 2014, and thus provided reasonable notice of its intent to use this extrinsic evidence in advance of trial.

Intrinsic Evidence

It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *See United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). Other act evidence is intrinsic "when the evidence of the other act and the evidence of the crime charged are

2

'inextricably intertwined' or both acts are part of a 'single criminal episode' . . . ." *Id.* (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). Intrinsic evidence is admissible to "complete the story of the crime by proving the immediate context of events in time and place." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.), *cert. denied*, 131 S. Ct. 356 (2010) (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), *cert. denied*, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *Id.* (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)).

Here, the government shows no more than an attenuated link between Cox's arrest for the distribution of methamphetamine and the instant firearm case. Indeed, the government concedes that it was "unable to find Fifth Circuit authority on intrinsic offense evidence with facts similar to the facts before this [c]ourt." Accordingly, the court finds that the distribution of methamphetamine charge is not intrinsic to the crime charged. The government may not reference the distribution of methamphetamine charge without first approaching the bench.

### Extrinsic Evidence

The government also seeks to admit the following prior acts under Rule 404(b) of the Federal Rules of Evidence: (1) Cox's conviction for unlawfully carrying a weapon (gun), offense date 10/11/2002; (2) his conviction for unlawfully carrying a weapon (gun) and evading arrest and detention with a vehicle, offense date 1/9/2003; (3) his conviction for unlawfully carrying a weapon (gun), offense date 3/10/2003; (4) his no-billed charge for unlawfully carrying a weapon (knife), offense date 6/10/2005; (5) his conviction for aggravated assault with a deadly weapon (bat), offense date 5/14/2006; (6) his pending charge for aggravated assault with a deadly weapon

3

(bat), offense date 8/25/2011; (7) his pending charge for unlawful possession of metal or body armor, offense date 6/10/2012; and (8) his pending charge for aggravated assault with a deadly weapon (gun), offense date 12/21/2012.[1]

Cox's prior convictions involving firearms and his pending charge for aggravated assault with a deadly weapon (gun) constitute extrinsic evidence which implicate the requirements of Rule 404(b). *See United States v. Charles*, 366 F. App'x 532, 537 (5th Cir.), *cert. denied*, 130 S. Ct. 3488 (2010) (holding that a prior conviction for distribution of cocaine, like other convictions, was extrinsic evidence that therefore required a balancing of the probative value and unfair prejudice); *see also United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir.), *cert. denied*, 555 U.S. 1007 (2008); *United States v. Jackson*, 339 F.3d 349, 354 (5th Cir. 2003); *United States v. Arteaga-Limones*, 529 F.2d 1183, 1197 (5th Cir.), *cert. denied*, 429 U.S. 920 (1976).

Extrinsic evidence under Rule 404(b) is admissible if: (1) it is relevant under Rule 401 to an issue other than the defendant's character, and (2) its probative value outweighs its prejudicial effect under Rule 403. *United States v. Adair*, 436 F.3d 520, 526 (5th Cir.), *cert. denied*, 547 U.S. 1155 (2006); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979). "[W]here the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and [the court is] required only to consider whether

---

[1] The government offers three felony convictions. The predicate felony alleged in the indictment is an aggravated assault with a deadly weapon (bat), offense date 5/14/2006. The government offers notice of two additional felonies for evading arrest with a vehicle, offense date 4/26/2002, and evading arrest and detention with a vehicle, offense date 5/22/2006, to serve as the predicate felony offense in the instant case in the event that Defendant declines to stipulate to being a convicted felon. Defendant, however, has advised the court that he will stipulate to being a convicted felon. As explained in greater detail below, the predicate felony alleged in the indictment is not admissible under Rule 404(b) to show intent. In addition, the government may not offer the two additional predicate felony convictions under Rule 404(b).

4

the requirements of Rule 403 are met under *Beechum*'s second prong." *Cockrell*, 587 F.3d at 679 (citing *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir.), *cert. denied*, 519 U.S. 906 (1996)). The similarity of intent required between the extraneous act and the charged offense means only that the defendant must "indulg[e] himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Beechum*, 582 F.2d at 911. The party offering the evidence must still show, however, that "the jury could find that the defendant committed the extrinsic offense" to satisfy the first prong. FED. R. EVID. 104(b); *Beechum*, 582 F.2d at 913. To determine whether the evidence satisfies the second prong, a court must consider (1) "the extent to which the defendant's unlawful intent is established by other evidence"; (2) the "overall similarity of the extrinsic and charged offenses"; and (3) "how much time separates the extrinsic and charged offenses." *Adair*, 436 F.3d at 526 (quoting *Beechum*, 582 F.2d at 915).

Here, Cox has entered a plea of not guilty to the pending felon in possession of a firearm charge. Therefore, because intent is at issue, certain extraneous acts may be admitted to demonstrate that Cox knew he was in possession of a firearm.

Cox's three prior convictions for unlawfully carrying a weapon (gun) and his pending charge for aggravated assault with a deadly weapon (gun) appear to have required Cox to possess a similar state of mind as the offense alleged in the indictment. *See United States v. Farmer*, No. CR-12-085, 2013 WL 40977, at *2 (E.D. Okla. Jan. 2, 2013) (holding that defendant's prior convictions for a felon in possession of a firearm were admissible in defendant's trial for felon in possession of a firearm because the prior incidents required the same knowledge and intent). A person commits the offense of unlawfully carrying a weapon if "the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . ." TEX. PENAL

CODE § 46.02. A person commits the offense of aggravated assault with a deadly weapon when the person "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02. In order to convict Cox of being a felon in possession of a firearm, the government must prove that he (1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) *knew that he was in possession of the firearm*. *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir.), *cert. denied*, 557 U.S. 913 (2009) (citing *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995), *cert. denied*, 517 U.S. 1174 (1996) (emphasis added)). As a result, the prior offenses require a similar state of mind to prove the charged offense. *See United States v. Stevens*, 277 F. App'x 898, 900 (11th Cir. 2008) (holding that prior convictions for aggravated assault with a deadly weapon were admissible in a felon in possession of a firearm case because all of the offenses involved the knowing possession of a firearm). The first prong of the *Beechum* test is satisfied.

Some of the factors a court must consider in determining whether the evidence satisfies the second prong include: (1) "the extent to which the defendant's unlawful intent is established by other evidence"; (2) the "overall similarity of the extrinsic and charged offenses"; and (3) "how much time separates the extrinsic and charged offenses." *Adair*, 436 F.3d at 526 (quoting *Beechum*, 582 F.2d at 915); *accord United States v. Pruett*, 681 F.3d 232, 244 (5th Cir. 2012); *United States v. Watson*, 433 F. App'x 284, 287 (5th Cir.), *cert. denied*, 132 S. Ct. 789 (2011). "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997)). "Probity in this context is not an absolute; its value must be determined with regard

to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference . . . . Thus, if the [g]overnment has a strong case on the intent issue, the extrinsic offense may add little and consequently will be excluded more readily." *Beechum*, 562 F.2d at 914.

The government concedes that its case against Cox is "not overwhelming" and is "subject to strong attack" because the evidence against Cox is circumstantial and relies on the testimony of defendants in other cases who have entered into plea agreements with the government. Moreover, the Fifth Circuit has recognized that in constructive possession cases, like this one, where the firearm is not found on the defendant's person, "knowledge and intent are frequently at issue." *United States v. Jones*, 484 F.3d 783, 788 (5th Cir. 2007). Accordingly, there appears to be little additional evidence to prove intent. The first factor thus favors the government.

The second factor likewise favors the government because Cox's convictions for unlawfully carrying a weapon (gun) and his pending charge for aggravated assault with a deadly weapon (gun) involve nearly identical elements as the instant case. *See Broussard*, 80 F.3d at 1040 ("The fact that the offenses involved different narcotics does not unfairly prejudice [the defendant] in light of the fact that both offenses involved conspiracy to possess with the intent to distribute."); *see also United States v. Davis*, No. CR.A. 01-282, 2003 WL 1837708, at *3 (E.D. La. Apr. 8, 2003) ("Regardless of the drug involved, evidence of possession of a substantial quantity of drugs . . . is relevant to show defendant's intent, knowledge, and absence of mistake in conspiring to possess with intent to distribute drugs.").

The third factor also favors the government. Cox's three previous convictions for unlawfully carrying a weapon (gun) occurred approximately 10 years before the time period

alleged in the indictment. Cox's pending charge for aggravated assault with a deadly weapon (gun), however, occurred the same month as the date alleged in the indictment. Thus, while the dated nature of some of Cox's convictions may reduce the probative value of the evidence, the last conduct occurred only days before the events giving rise to the current charges. Moreover, "[a]lthough remoteness of the extrinsic acts evidence may weaken its probative value, the age of the prior conviction does not bar its use under Rule 404." *Broussard*, 80 F.3d at 1040 (finding no prejudice from admission of prior conviction that was more than 10 years before the charged offense); *see also United States v. Chavez*, 119 F.3d 342, 346 (5th Cir.), *cert. denied,* 522 U.S. 1021 (1997) (finding no abuse of discretion in the admission of a 15-year-old conviction); *accord United States v. Cruz*, 523 F. App'x 308, 312 n.3 (5th Cir. 2013) ("[T]he time gap between the earlier arrest and the instant offense is not a *per se* bar to its relevance or probative value."). Finally, the jury may place the appropriate weight on the evidence, and any undue prejudice may be remedied with a proper jury instruction. Accordingly, Cox's request to require the government to approach the bench before proffering evidence regarding his past convictions for unlawfully carrying a weapon (gun) and his pending charge for aggravated assault with a deadly weapon (gun) is DENIED. *See United States v. Porter*, 152 F. App'x 418, 421 (5th Cir. 2005) (holding that evidence that defendant was arrested for similar offenses prior to his arrest for the charged offenses was admissible to prove intent).

The government may not, however, attempt to admit Cox's past no-billed charge for unlawfully carrying a knife without first approaching the bench. *See United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001) (holding that the district court abused its discretion in admitting evidence that defendant previously possessed a knife in a felon in possession of a firearm case to

8

prove intent). Similarly, the government may not attempt to introduce evidence of Cox's conviction for aggravated assault with a deadly weapon (bat) or his pending charge of aggravated assault with a deadly weapon (bat) without first approaching the bench. The court finds that evidence of unlawfully carrying a knife, as well as aggravated assault with a bat, is not sufficiently indicative of an intent to possess a firearm. Moreover, the government may not attempt to present evidence regarding Cox's conviction for unlawful possession of metal or body armor without first approaching the bench. The court finds that evidence of an intent to possess metal or body armor is not sufficiently probative of an intent to possess a firearm.

<u>Stipulations</u>

Cox seeks an order preventing the government from requesting stipulations to any testimony in front of the jury. The government does not oppose this request, and it is therefore GRANTED.

<u>Name Calling or Reputation Evidence</u>

Cox seeks an order preventing the government from eliciting any name calling or reputation testimony concerning the Defendant in front of the jury. The government does not oppose this request, and it is therefore GRANTED.

<u>Voluntariness of Any Admission, Statement, or Confession</u>

Cox seeks an order preventing the government from referring to any statements made or adopted by him that were not disclosed to him during discovery until a hearing can be held to determine the voluntariness of the statements. In response, the government argues that Cox's request should be construed as a motion to suppress evidence. The government further notes that

9

Cox failed to avail himself of the opportunity to file a motion to suppress any statements made to law enforcement and that his request is untimely.

"It has long been settled that a defendant has the right to challenge the admission of a confession on the grounds that it was obtained involuntarily." *United States v. Guanespen-Portillo*, 514 F.3d 393, 398 (5th Cir.), *cert. denied*, 552 U.S. 1271 (2008). Under *Jackson v. Denno*, "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." 378 U.S. 368, 380 (1964).

At this point, Cox references no specific statements that were allegedly made involuntarily. In the absence of greater particularity as to the nature of such statements, Cox's request is DENIED. Should Cox point out particular statements that were allegedly obtained involuntarily, the court will conduct a hearing outside the presence of the jury to determine whether the statements were elicited in contravention of Cox's constitutional rights.

<u>Expert Witness/Expert Testimony</u>

Cox requests that the court instruct the government to refrain from eliciting any testimony or making any statements concerning the testimony of any expert witness in any field of expertise without first conducing a *Daubert* hearing outside the presence of the jury. The government anticipates offering expert testimony regarding (1) interstate or foreign travel of the firearm and (2) ballistic examination of the firearm, ammunition, and shell casings. The government asserts that its witnesses qualify as experts under Rule 702 and that a *Daubert* hearing is not necessary.

The admission or exclusion of expert witness testimony is a matter that is left to the discretion of the district court. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999);

*Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194 (5th Cir. 2006); *see Nano-Proprietary, Inc. v. Cannon, Inc.*, 537 F.3d 394, 399 (5th Cir. 2008); *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006); *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004), *cert. denied*, 546 U.S. 1089 (2006). Pursuant to Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702; *accord Kumho Tire Co.*, 526 U.S. at 152; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). Prior to admitting expert testimony, "[d]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999); *accord* FED. R. EVID. 702; *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013). Accordingly, "'[t]o qualify as an expert, "the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth."'" *Hicks*, 389 F.3d at 524 (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992) (quoting *United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907 1979))); *see also United States v. James*, 291 F. App'x 676, 679 (5th Cir. 2008) (citing *United States v. Washington*, 44 F.3d 1271, 1285 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995)) (affirming district court's admission of DEA agent's testimony regarding narcotics trafficking); *United States v. Buchanan*, 70 F.3d 818, 832 (5th Cir.

1996) (upholding expert qualification of narcotics agents when the "officers were experienced in investigating narcotics trafficking and drug-related crimes" and "were familiar with certain conduct and methods of operation unique to the drug distribution business"); *United States v. Anderson*, 813 F.2d 1450, 1458 (9th Cir. 1987) (holding that government informant was permitted to testify as expert about drug transactions).]

The trial court possesses considerable flexibility in assessing the reliability of expert testimony. *Kumho Tire Co.*, 526 U.S. at 141. Given the diverse contexts in which expert testimony is offered, the application of specific factors may not be appropriate in any individual case. *Stolt Achievement, Ltd.*, 447 F.3d at 366 (citing *Kumho Tire Co.*, 526 U.S. at 147-49). The overarching goal "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152; *Hodges*, 474 F.3d at 194.

The trial court's role as a gatekeeper "is not intended to serve as a replacement for the adversary system: "'"Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."'" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Daubert*, 509 U.S. at 596)); *accord United States v. Seale*, 600 F.3d 473, 491 (5th Cir 2010), *cert. denied*, 131 S. Ct. 163 (2010). "The *Daubert* analysis should not supplant trial on the merits." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002)). Rather, "'[t]he focus . . . must be solely on

principles and methodology [of the expert witness], not on the conclusions that they generate.'" *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997) (quoting *Daubert*, 509 U.S. at 594-95).

In the case at bar, Cox makes no specific argument challenging the qualifications of or the reliability of the techniques used by any of the government's proposed expert witnesses. The court finds that absent greater particularity as to the nature of such evidence, trial objections can adequately protect against unfair prejudice. Further, any alleged shortcomings voiced by Cox's counsel may be addressed via rigorous cross-examination at trial. Accordingly, Cox's request is DENIED.

Testimony of Alleged Co-conspirators

Cox requests that a hearing be conducted outside the presence of the jury before any statements by co-conspirators are offered at trial. The government argues that Cox's motion should be denied because there are no co-conspirators in this single defendant case.[2]

Assuming *arguendo* that co-conspirator testimony may become an issue at trial, the court construes Cox's motion to order the government to approach the bench before attempting to introduce statements of alleged co-conspirators as a request to conduct a *James* hearing. "[A] declaration by one conspirator against another is admissible at trial . . . if the prosecution, at the conclusion of all the evidence, 'has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the coconspirator and the defendant against

---

[2] The court notes that the government previously asserted that its case was "subject to strong attack" because the evidence against Cox is circumstantial and relies on the testimony of co-conspirators. The government needs to pick an argument and stick with it.

13

whom the coconspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy.'" *United States v. Osgood*, 794 F.2d 1087, 1092-93 (5th Cir.), *cert. denied*, 479 U.S. 994 (1986) (quoting *United States v. James*, 590 F.2d 575, 582 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979)); *see also* FED. R. EVID. 801(d)(2)(E) (providing that a statement is not hearsay if the statement is offered against a party and is a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy); *United States v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013); *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 525 (2012); *United States v. Elashyi*, 554 F.3d 480, 503 (5th Cir. 2008), *cert. denied*, 558 U.S. 829 (2009). "Whether statements are admissible under this rule is a preliminary question that 'shall be determined by the court.'" *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992), *cert. denied*, 507 U.S. 1012 (1993) (citing FED. R. EVID. 104(a)); *see Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see also United States v. Dahab*, No. 1:08-CR-29, 2008 WL 2061149, at *1 (S.D. Miss. May 8, 2008); *United States v. Ho*, No. 01-69, 2001 WL 487379, at *1 (E.D. La. May 7, 2001).

"Whether a *James* hearing is necessary in a particular case is within the discretion of the trial court." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (citing *Fragoso*, 978 F.2d at 900); *see United States v. Carreon*, 242 F. App'x 221, 224-25 (5th Cir. 2007), *cert. denied*, 552 U.S. 1125 (2008). In determining whether the statements are admissible, a district court need not hold a pre-trial hearing and may conditionally admit the challenged statement(s) until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made. *United States v. West*, 58 F.3d 133, 142 (5th Cir. 1995); *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224 (5th Cir.), *cert. denied*, 511 U.S. 1129 (1994) (citing *Fragoso*, 978

F.2d at 900); *see also James*, 590 F.2d at 582-83 (district court may conditionally admit co-conspirators' statements). In some cases, however, "judicial economy suggests that express findings on admissibility should be made before the co-conspirator statements are introduced." *Fragoso*, 978 F.2d at 900. Nevertheless, the decision is a matter "committed to the broad discretion of the trial court." *Id.* (citing *United States v. Cantu*, 557 F.2d 1173, 1180 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978)).

In this instance, Cox's motion does not proffer any compelling reason that would necessitate either a pre-trial *James* hearing or a requirement that the government approach the bench before attempting to offer co-conspirator statements. Deferring a *James* motion "is particularly appropriate in cases" where, as here, "holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable judicial resources and time." *United States v. Carroll*, No. 99-98, 2000 WL 45870, at *5 (E.D. La. Jan. 20, 2000) (citing *Gonzalez-Balderas*, 11 F.3d at 1223); *see also United States v. Acosta*, 763 F.2d 671, 679 (5th Cir.), *cert. denied*, 474 U.S. 863 (1985) (upholding the district court's determination that "if we had to have a separate independent hearing insofar as the conspiracy is concerned, we in effect would be trying this lawsuit two times"); *United States v. Simpson*, No. 3:09-CR-249, 2011 WL 978235, at *3 (N.D. Tex. Mar. 21, 2011) (denying defendant's request for a hearing to determine the admissibility of coconspirator statements where it "would be burdensome and effectively result in a mini-trial of potentially considerable length"). Therefore, Cox's request for a *James* hearing is DENIED.

II.  Conclusion

Consistent with the foregoing analysis, Cox's Motions in Limine (#s 51-55) are GRANTED in part and DENIED in part. The court ORDERS that the government is required to

approach the bench before referring to Cox's pending charges for methamphetamine trafficking, his past convictions or arrests for weapons charges that included a knife, bat, or body armor, as well as his three prior felony convictions (unless Cox testifies at trial), requesting stipulations to any testimony in front of the jury, or eliciting any name calling or reputation testimony concerning Cox. The government is not required to approach the bench before attempting to offer evidence of Cox's prior gun-related convictions and arrest under Rule 404(b), statements made by co-conspirators, or testimony from alleged expert witnesses under Rule 702.

SIGNED at Beaumont, Texas, this 5th day of July, 2014.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE